IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

COMMONWEALTH OF VIRGINIA *ex rel.*
INTEGRA REC LLC,

      **Plaintiff,**

v.                                          Civil Action No. 3:14cv706

COUNTRYWIDE SECURITIES
CORPORATION, *et al.*,

      **Defendants.**

### MEMORANDUM OPINION

In its Complaint originally filed in the Circuit Court for the City of Richmond, the Commonwealth of Virginia, on behalf of the Virginia Retirement System ("VRS"), alleges that defendants made fraudulent misrepresentations in offerings of mortgage-backed securities ("MBS"), also called certificates, or residential mortgage-backed securities ("RMBS"), also called certificates (collectively, "certificates").[1] Pursuant to 28 U.S.C. § 1452(a),[2] Countrywide Securities Corporation ("CSC") and four of its affiliates ("the Removing Defendants") removed the portion of the Richmond Circuit Court action they say involves every MBS certificate issued by Countrywide Financial Corporation ("CFC") and its affiliates.

What remains pending before this Court are a Motion to Transfer Venue to the Central District of California (the "Motion to Transfer") filed on October 24, 2014 by CSC on behalf of

---

[1] The Court assumes familiarity with the procedural and factual background of this case as summarized in its January 14, 2015 Memorandum Opinion and Order. (ECF Nos. 75–76.) All terms defined in that Opinion will continue unless otherwise noted.

[2] The removal statute states, in pertinent part: "(a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a).

the Removing Defendants (ECF No. 15), and the Motion to Remand and Request for Expedited Hearing (the "Motion to Remand") filed on October 31, 2014 by the Commonwealth of Virginia (ECF No. 42). The Motion to Transfer seeks to transfer the action pursuant to 28 U.S.C. § 1404(a)[3] ("Section 1404(a)") to Judge Mariana R. Pfaelzer in the Central District of California who has presided over a factually-related multidistrict litigation No. 2265 ("MDL No. 2265") since at least 2011.

For the reasons that follow, the Court denies CSC's Motion to Transfer Venue. (ECF No. 15.) The Court also denies the Commonwealth's Motion to Remand. (ECF No. 42). The Court will order further action as described below.

## I. Procedural and Factual Background

The Court addresses below pertinent procedural and factual background since the entry of its January 14, 2015 Memorandum Opinion and Order.

### A. The JPML Has Rejected the Section 1407 Transfer Motion

On November 6, 2014, CSC filed a motion with the Joint Panel on Multidistrict Litigation ("JPML") to transfer this federal court action to MDL No. 2265 for coordinated

---

[3] That statute states, in pertinent part: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

2

pretrial proceedings pursuant to 28 U.S.C. § 1407(a)[4] (the "Section 1407 Motion"). (*In re: Countrywide Fin. Corp. Mortg.-Backed Sec. Litig.*, ("*In re: Countrywide*"), MDL No. 2265, ECF No. 492 (J.P.M.L. Nov. 6, 2014).)

On January 29, 2015, the JPML held a hearing without oral argument to consider CSC's Section 1407 Motion. (*Id.*, ECF No. 520 (J.P.M.L. Dec. 18, 2014) (hearing order).) After consideration of the pleadings filed in support of and opposition to the Section 1407 Motion, the JPML denied inclusion of this action into MDL No. 2265, stating that the "proceedings in [MDL No. 2265] have advanced to the point that the continued transfer of related actions is no longer necessary to achieve the purposes of 28 U.S.C. § 1407." (*Id.*, ECF No. 545 (J.P.M.L. Feb. 5, 2015) (order denying transfer) (citation omitted).) In its February 5, 2015 decision, the JPML noted that it had reached its conclusion "in consultation with the transferee judge," District Judge Mariana L. Pfaelzer. (*Id.*)

### B. CSC's Section 1404(a) Transfer and the Commonwealth's Remand Motions Remain Pending in this Court

Because the JPML denied the Section 1407 Motion, only CSC's Motion to Transfer and the Commonwealth's Motion to Remand remain pending in this Court. The Court heard oral argument on these, and all pending motions, on January 9. That day, the Court granted CSC's

---

[4] That statute states, in pertinent part:

(a) When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407(a).

3

Motion to Stay from the bench.[5] On January 14, 2015, the Court issued its written ruling that stayed these proceedings for 45 days to allow the JPML to rule on the Section 1407 Motion. (ECF Nos. 75–76.) The Court deferred ruling on the Motion to Transfer and the Motion to Remand. (*Id.*) On March 2, 2015, the stay issued by this Court expired. (*See* Jan. 20, 2015 Order, ECF No. 76.) All remaining matters are fully briefed and ripe for disposition.[6]

## II. This Court Has "Related to" Jurisdiction

This Court must first address jurisdiction. "Related to" bankruptcy jurisdiction exists in this case. A district court may exercise jurisdiction over civil proceedings that are "related to cases under title 11." 28 U.S.C. § 1334(b). "The [United States Court of Appeals for the] Fourth Circuit has found that a claim or action is 'related to' a bankruptcy case when 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Power Plant Entm't Casino Resort Ind., LLC v. Mangano*, 484 B.R. 290, 295 (Bankr. D. Md. 2012) (quoting *In re Celotex*, 124 F.3d 619, 625 (4th Cir. 1997)). Even where none of the parties in the district court action are debtors in the bankruptcy proceeding, the action may be "related to" the bankruptcy proceeding if the bankruptcy debtor has an indemnification agreement with the defendant in the district court action. *Id.* Section 1452(a) allows removal of

---

[5] On October 24, 2014, CSC, later joined by the remaining defendants, had filed the Motion to Stay and Motion to Transfer pursuant Section 1404(a) seeking transfer of this action to the Central District of California. (ECF Nos. 17, 15.) CSC's Motion to Stay sought to stay the action in this Court pending the JPML's ruling on the Section 1407 Motion. On October 31, 2014, the Commonwealth had filed its Motion to Remand. (ECF No. 42.)

[6] During the stay, the Court allowed the parties to submit 10-page supplemental briefs to address any additional issues. (*See* ECF No. 76.) The Commonwealth and CSC each submitted supplemental briefs with attached declarations. (ECF Nos. 78–81.) Following the JPML's denial of the Section 1407 Motion (*see* ECF No. 84), the parties submitted position statements on the ruling. (ECF Nos. 82, 83.)

4

a claim or cause of action from state court when the federal district court has jurisdiction under 28 U.S.C. § 1334 ("Section 1334"). 28 U.S.C. § 1452(a).

Here, "related to" jurisdiction exists pursuant to Section 1334 because 17 of the 22 certificates for which the suit was brought "are backed in part by mortgage loans originated or acquired by entities that are the subject of pending bankruptcy proceedings."[7] (Not. Removal 5, ECF No. 1.) These entities have contractual indemnification obligations to the Removing Defendants arising out of "alleged misstatements or omissions concerning the mortgage loans" acquired from the entities in bankruptcy. (*Id.* at 6.) Because the claims against the Removing Defendants "give rise to contractual claims" against entities involved in pending bankruptcy proceedings, the present action could conceivably affect the bankruptcy estates. (*Id.* at 6, 8.)

The Commonwealth argues in its motion to remand that jurisdiction is attenuated for purposes of equitable remand and abstention, but it makes no real effort to argue that this Court lacks Section 1334 jurisdiction. Indeed, it conceded at oral argument that "technically" the action could have been brought in federal court. (*See* Hr'g Tr. 55–56, ECF No. 74.) Therefore, the Court exercises jurisdiction over this action pursuant to Section 1334.

### III. Analysis

A. **Section 1404(a) Transfer to the Central District of California No Longer Serves the Interest of Justice**

This Court cannot transfer this case to the California federal court. As noted above, after considering the pleadings filed in support of and opposition to the motion filed by CSC to transfer this action into MDL No. 2265, the JPML decisively denied inclusion of this action into MDL No. 2265. (*In re: Countrywide*, MDL No. 2265, ECF No. 545 (J.P.M.L. Feb. 5, 2015)

---

[7] CSC removes the remaining five certificates under this Court's supplemental jurisdiction. 28 U.S.C. § 1367(a).

(order denying transfer).) Although the JPML acknowledged that this action "falls within the ambit of MDL No. 2265," the JPML, "in consultation with the transferee judge," found that the "'proceedings in [MDL No. 2265] have advanced to the point that the continued transfer of related actions is no longer necessary to achieve the purposes of 28 U.S.C. § 1407.'" (*Id.* (citation omitted).)

This Court must reach a similar conclusion regarding the propriety of a Section 1404(a) transfer. This case plainly mirrors those over which Judge Pfaelzer has presided in MDL No. 2265. Court records demonstrably reveal, however, that transfers in any capacity to the Central District of California have functionally ceased. The last transfer of a factually similar case from a district court to the Central District of California occurred in early 2013. *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 372 (S.D.N.Y. 2013). Mid-2013 also marks the acceptance by the JPML of the most recent cases into MDL No. 2265.[8] A nearly two-year lapse in transfers of any type indicates that transfers—even Section 1404(a) transfers—have effectively concluded for cases factually within the "ambit of MDL No. 2265."

Therefore, while recognizing that the analyses and the functions of Sections 1404(a) and 1407 differ, the Court finds that transfer pursuant to Section 1404(a) in this action would no longer serve "the interest of justice." 28 U.S.C. § 1404(a). Accordingly, the Court denies CSC's Motion to Transfer. (ECF No. 15.)

---

[8] *Prudential Life Ins. Co. v. Countrywide Fin. Corp.*, Lead Case No. 2:13-CV-05883-MRP (MANx), was transferred by the JPML for inclusion in MDL No. 2265 on August 6, 2013. (*In re: Countrywide*, MDL No. 2265, ECF No. 420.) *Royal Park Invs. SA/NV v. Bank of Am. Corp.*, Lead Case No. 2:13-CV-3295-MRP (MANx), was transferred by the JPML for inclusion in MDL No. 2265 on May 9, 2013. (*In re: Countrywide*, MDL No. 2265, ECF No. 415.) *Deutsche Zentral-Genossenschaftsbank AG v. Bank of Am. Corp.*, Lead Case No. 2:13-CV-01118-MRP (MANx), was transferred by the JPML for inclusion in MDL No. 2265 on February 14, 2013. (*In re: Countrywide*, MDL No. 2265, ECF No. 388.)

> B. **A Federal Court Affords the Most Appropriate Venue to Adjudicate the Potential Preclusive Effect of the *Luther* Class Action Settlement So the Motions for Permissive Abstention and Equitable Remand Will Be Denied**

The cessation of transfers to the Central District of California coincides with another procedural event: Judge Pfaelzer's 2013 final approval of a national class settlement covering CFC-issued certificates. *See Luther v. Countrywide Fin. Corp.*, No. 2:12-cv-05125-MRP (MANx) 1, ECF No. 320 (C.D. Cal. Dec. 5, 2013) (final order approving class settlement). The potentially preclusive effect of the *Luther* class action settlement presents an important question of federal law. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008) ("The preclusive effect of a federal-court judgment is determined by federal common law."). A federal court sits in the most advantageous position to interpret an issue of federal common law. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 447 B.R. 302, 312 (C.D. Cal. 2010). This potentially determinative federal issue suggests that this Court should maintain jurisdiction over this case and deny the Commonwealth's Motion to Remand as it pertains to permissive abstention[9] and equitable remand.[10] (ECF No. 42.)

The parties, in briefing, have touched on the preclusive effect of the *Luther* class settlement on the case at bar. The Commonwealth argues that the settlement does not dispose of its claims because, among other things, it brings suit against CSC as an underwriter, not as an

---

[9] "Permissive abstention" stems from Section 1334(c)(1), which states that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding" over which the court exercises jurisdiction pursuant to Section 1334(b). 28 U.S.C § 1334(c)(1). Permissive abstention is not reviewable on appeal. *Id.* § 1334(d); *In re Lee*, 461 F. App'x 227, 237–38 (4th Cir. 2012).

[10] Section 1452(b) grants the court the ability to grant an "equitable remand." 28 U.S.C. § 1452(b). That section provides that when a claim or cause of action is removed based on "related to" jurisdiction pursuant to Section 1452(a), the court to which it was removed "may remand such claim or cause of action on any equitable ground." *Id.* Such a remand is not reviewable on appeal. *Id.*

7

originator of the certificates. (Commw. Supp'l Br. 4 n.6, ECF No. 78.) However, it appears to the Court that the settlement releases claims based on the certificates at issue, not the role of the defendant. *See Luther*, No. 2:12-cv-05125-MRP (MANx) 1, ECF No. 320 (C.D. Cal. Dec. 5, 2013) ("[The parties] . . . propose a settlement on behalf of all purchasers or acquirers, during the period of March 12, 2004 through August 7, 2013, of any Certificates purchased in connection with 429 mortgage-backed securities ('MBS') offerings at issue in the Settlement Actions."); *id.* at 9, ECF No. 142 (C.D. Cal. June 25, 2013) (stipulation and agreement of settlement) (defining the class as "all Persons that purchased or otherwise acquired the Certificates during the Class Period").

An examination of the *Luther* documents also suggests that 17 of the 22 certificates in this action are included in the settlement. *See Luther*, No. 2:12-cv-05125-MRP (MANx) Ex. A 30–33, ECF No. 204 (C.D. Cal. Sept. 23, 2013) (notice of class action settlement) (listing 17 of the 22 certificates involved in the present action). CSC suggests that the Commonwealth received notice of the settlement. (Decl. Andrea Boivin 2, ECF No. 81.) The Commonwealth has presented no argument that it opted out of the settlement, and Judge Pfaelzer's approval order does not reflect any objection or opt-out by the Commonwealth. *See generally Luther*, No. 2:12-cv-05125-MRP (MANx) 12–13, ECF No. 320 (C.D. Cal. Dec. 5, 2013) (final order approving class settlement) (outlining the specific objectors to the class settlement agreement, which did not include the Commonwealth).

The existence of the *Luther* class and its possible preclusive effect on this action interposes a potentially determinative issue of federal law in this case. "[A] federal court must accept the jurisdiction granted it, and only in rare occasions is discretionary abstention warranted." *In re Freeway Foods of Greensboro, Inc.*, 449 B.R. 860, 879 (Bankr. M.D.N.C.

2011) (citation omitted). Judicial economy dictates that this Court resolve the class issue before reaching the discretionary aspects of the Commonwealth's Motion to Remand. The permissive abstention and equitable remand[11] doctrines are precatory, and, if necessary, can be addressed after the *Luther* class applicability is decided. As such, this Court denies the Commonwealth's Motion to Remand as it relates to permissive abstention and equitable remand (ECF No. 42) in order to consider the federal issue of the applicability of the *Luther* class to the certificates at bar.

### C.     The Court Cannot Grant Mandatory Abstention on the Present Record

The Court must review the Commonwealth's motion for mandatory abstention separately. Having done so, the Court finds that it must also deny this aspect of the Commonwealth's Motion to Remand. The record before the Court does not present a solid basis for mandatory abstention. "Mandatory abstention" derives its power from Section 1334(c)(2),[12] which requires remand of a case removed pursuant to Section 1452(a) when: (1) a party makes a timely motion to abstain; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is based on "related to" jurisdiction but not "arising under"

---

[11] Some courts analyze permissive abstention and equitable remand pursuant to a number of factors, while other courts do not. *Compare, e.g., In re Freeway Foods*, 449 B.R. at 879–82 (considering eleven factors), *with Massey Energy Co. v. W. Va. Consumers for Justice*, 351 B.R. 348, 354 (E.D. Va. 2006) ("[T]his Court has not been provided with any reason to believe that the State Court is an inadequate forum or that federal court is a superior one.").

[12] The statute states, in pertinent part:

**(2)** Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

9

jurisdiction; (4) the proceeding could not have been commenced in a federal court absent jurisdiction under § 1334; and, (5) an action is commenced and can be timely adjudicated in state court. *See Bowles v. Massey Energy Co.*, No. 2:12-cv-05997, 2012 WL 6628953, at *3 (S.D. W. Va. Dec. 19, 2012); *In re Freeway Foods*, 449 B.R. at 876–77; *Massey Energy Co.*, 351 B.R. at 350. The parties here dispute only the last factor of this test.

The legal significance of this last factor remains unsettled in two ways. First, the Fourth Circuit has not spoken to the split of lower court authority as to when an action must have "commenced" under this test. *Compare In re Freeway Foods*, 449 B.R. at 877–78, *and In re Landbank Equity Corp.*, 77 B.R. 44, 50 (E.D. Va. 1987) (interpreting the statute to require that the state proceeding be commenced prior to both the federal action and the bankruptcy proceeding to which it related), *with Loudin v. J.P. Morgan Trust Co.*, 481 B.R. 388, 393 (S.D. W. Va. 2012) (finding the factor met when plaintiffs had filed a state court action before the removal based on "related to" jurisdiction); *accord Mt. McKinley Ins. Co. v. Corning Inc.*, 399 F.3d 436, 446–47 (2d Cir. 2005) (same).

The Fourth Circuit also has not resolved a split of lower court authority as to which party bears the burden of demonstrating whether a case can be timely adjudicated in state court, and what evidence is needed to meet the burden. *See Bowles*, 2012 WL 6628953, at *10. Some courts place the burden on the party opposing abstention, relying on the well-known principle in removal cases that the removing party carries the burden due to concerns of federalism and comity. *See, e.g., Power Plant*, 484 B.R. at 297–98. Other courts hew to the common tenet that the moving party carries the burden of proof. *See, e.g., In re Freeway Foods*, 449 B.R. at 879. Still other courts within the Fourth Circuit hold that even if the party moving for abstention

carries the burden of proof on this matter, that party does not need to present extrinsic evidence. *See, e.g., Bowles*, 2012 WL 6628953, at *10.

In addressing whether a state court can timely adjudicate the proceeding, a federal court does not undertake a comparison of the relative federal and state dockets. *Massey Energy Co.*, 351 B.R. at 352. "The correct inquiry is not where litigation would move the fastest, but whether it can be timely adjudicated in state court at all." *Power Plant*, 484 B.R. at 297; *accord Texas Cnty & Dist. Retirement Sys. v. J.P. Morgan Sec. LLC*, et al., No. A-14-CA-380-SS, 2014 WL 3420812, at *3–4 (W.D. Tex. July 10, 2014) ("[Plaintiff's] burden is to show the state court can timely adjudicate this dispute, not that the state court is the most efficient avenue for resolution of these claims.")

The parties placed some evidence before this Court regarding timely adjudication. The Commonwealth submitted exhibits showing that from January 2013 to September 2014, the Richmond Circuit Court saw on average 1253 cases filed and 1220 closed. (Mem. Supp. Mot. Remand, Ex. 1, at 2–3, ECF No. 43-1.) In response, CSC provided news sources discussing the general status of the state judiciary and the difficulty the state legislature had then encountered to fill judicial vacancies. (Mem. Opp. Mot. Remand, Exs. 27–28, ECF No. 59.)

None of this evidence sufficiently educates this Court regarding the Richmond Circuit Court's ability to timely adjudicate this case. This Court would not find that a state court could not timely adjudicate a matter merely because its dockets were "generally busy," *Bowles*, 2012 WL 6628953, at *11, or based on news articles that describe a then-existing large number of judicial vacancies without reference to any impact on the state court that would hear this matter. On the other hand, the Commonwealth's own exhibits suggest that matters may pend for a number of years in the Richmond Circuit Court, contradicting its own claim of timely

11

adjudication in the state court. In 2013, the court had over 300 cases pending on its docket that were over two years old, and 25 cases that were more than five years old. (Mot. Remand, Ex. 1, at 4.)

While the Commonwealth notes that CSC has had to file an answer in the Richmond Circuit Court, this Court has nothing on its record beyond that reference speaking to the progress of the state action. No record exists as to whether hearing and trial dates have been set, or could be readily. *See, e.g., Massey Energy Co.*, 351 B.R. at 352. In short, this record is bereft of evidence from either party from which this Court could make a definitive finding as to timely adjudication. As such, the Court denies the Commonwealth's Motion to Remand as it relates to mandatory abstention. (ECF No. 42.)

### IV. Further Action in this Court

The Court requires further briefing on the exact parameters of the *Luther* class and its applicability to the certificates removed to this Court. The Court will order further briefing from the parties following a status conference with counsel.

The Court also will refer these proceedings to the Honorable David J. Novak, United States Magistrate Judge, for a court-ordered settlement conference. Counsel will be instructed to contact Judge Novak to coordinate a settlement conference.

### V. Conclusion

Accordingly, for the reasons stated above, the Court denies CSC's Motion to Transfer (ECF No. 15) and denies the Commonwealth's Motion to Remand (ECF No. 42).

The Court orders the parties to contact chambers for the undersigned within five days of the date of this Memorandum Opinion to schedule a status conference. The parties will be

expected to submit further briefing on the applicability of the *Luther* class settlement to the certificates at bar.

The Court refers these proceedings to the Honorable David J. Novak, United States Magistrate Judge, for a court-ordered settlement conference. Counsel shall contact Judge Novak within five days of the date of this Order to coordinate a settlement conference.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 3.17.2015

13